IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Kevin A. Williams**<br>2323 Houston Street<br>Suitland, MD 20746<br><br>**Plaintiff,**<br><br>v.<br><br>**Consumer Financial Protection Bureau**<br>  1780 G Street, N.W.<br>  Washington, D.C. 20552<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. _____<br>)       **COMPLAINT**<br>)        **TITLE VII**<br>)    **RACE AND SEX**<br>)    **DISCRIMINATION**<br>)        **REPRISAL**<br>)<br>)<br>) |

## COMPLAINT

**Comes Now** the Plaintiff, Kevin A. Williams, in accordance with 5 U.S.C. section 7702, by and through his undersigned counsel, with this civil action, pursuant to which Plaintiff alleges the following:

BACKGROUND

1. Plaintiff contends that he's been subjected to harassment in the form of a hostile work environment based on race (African-American) and sex (male) when: (a) beginning during 2012 and continuing through February 23, 2014, his CFPB supervisor, Monk, made verbal admonitions to and issued written

reprimands to Complainant regarding his performance, (b) During April, 2013, Monk and Plaintiff's second line supervisor, Cordelia Holmes, issued Plaintiff a written reprimand regarding his being a "bad team mate", (c) On approximately February 15, 2013, during Plaintiff's mid-year performance discussion, Monk stated Plaintiff was not a leader, was unproductive, and a horrible team mate. Further, Monk cited information that Plaintiff shared in what he believed was a "safe zone" during a team building event.  Monk also requested that Plaintiff sign a document that appeared to be a reprimand, (d) Beginning in December, 2013, after Plaintiff had completed a Performance Improvement Plan successfully, Monk continually reminded Plaintiff that his employment could be terminated, and ( e ) Beginning in late 3013 through February 23, 2014, Monk would not speak to Plaintiff after she entered his office, and (f) when Monk scrutinized Plaintiff's time card and work hours related to travel to Los Colinas, New Mexico.

2. Plaintiff also contends that he's been subjected to harassment in the form of a hostile work environment based on race (African-American), sex (male) and reprisal (prior EEO activity) when, effective February 23, 2014, Monk terminated Plaintiff's employment with the CFPB when she failed to extend Plaintiff's term appointment.

3. The FAD was received by Plaintiff's counsel on January 8, 2016. This case is filed on the 90th day of the filing window for these civil actions.

4. This case also is venued properly in this District. Both the Plaintiff and Defendant reside within and or is based within the District of Columbia.

.

FIRST CAUSE OF ACTION: RACE DISCRIMINATION, HARASSMENT / MAINTAINING A HOSTILE WORK ENVIRONMENT

(Race Discrimination in Violation of Title VII)

5. Plaintiff restates the allegations of paragraphs 1 through 4 of this Complaint as if fully rewritten herein.

7. To establish a prima facie case of discrimination on the basis of race, the Plaintiff must show: (1) that he was a member of a protected class; (2) he was subjected to an adverse employment action concerning a term, condition or privilege of employment and (3) he was treated differently than similarly situated employees outside his protected class, or there was some other evidentiary link between membership in the protected class and the adverse employment action.

6. Plaintiff, an Afro-American male, was subjected to a pattern of race discrimination in managing him, as described above. Ultimately, it led to the termination of Plaintiff's employment by failure to extend Plaintiff's term appointment.

7. As a result of the actions complained of, the Agency engaged in disparate Treatment of Plaintiff on the basis of race in violation of Title VII.

## SECOND CAUSE OF ACTION: SEX DISCRIMINATION

(Sex Discrimination in Violation of Title VII)

8. Plaintiff re-states the allegations of paragraphs 1 through 7 of the Complaint as if fully set forth herein.

9. Plaintiff, an Afro-American male, was subjected to a pattern of sex discrimination in managing him, as described above. In this regard, Plaintiff and his first line supervisor, Monk, previously had a relationship. Ultimately, Monk's sexism against Plaintiff led to the termination of Plaintiff's employment by failure to extend Plaintiff's term appointment.

10. As a result of the actions complained of, the Agency engaged in discrimination on the basis of sex in violation of Title VII.

### THIRD CAUSE OF ACTION: REPRISAL

(Reprisal in Violation of Title VII)

11. Plaintiff re-states the allegations of paragraphs 1 through 10 of the Complaint as if fully set forth herein.

12. Plaintiff, an Afro-American male, was subjected to reprisal when the Defendant, through its supervisors, subjected Plaintiff to reprisal when the Defendant terminated Plaintiff's employment by failing to extend Plaintiff's term appointment.

13. As a result of the actions complained of, the Agency engaged in reprisal in violation of Title VII.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff hereby requests all appropriate relief, including: (1) all forms of equitable relief such as back pay (with interest), and reinstatement or front

pay, (2) compensatory damages for mental anguish to the applicable statutory limits ($300,000) ; and (3)  attorney's fees.

The complained of conduct in this case also is willful and egregious, and displays the Agency's contempt for the Plaintiff's federal rights. In addition, the Agency has attempted to conceal its unlawful conduct. Thus, Plaintiff requests punitive damages, too - if awardable against a federal government employer by court order - in the amount of $3 million.

## JURY DEMAND

Plaintiff also demands a trial by jury.

.Dated: April 7, 2016       Respectfully submitted,

　　　　　　　　　　　　　　　　　　　/s *Leicester Bryce Stovell*　　　　L

Leicester Bryce Stovell, Esq.
Unified D.C. Bar No. 488149
Attorney for Plaintiff Mr. Kevin A. Williams
Law Office of Leicester Bryce Stovell, Esq.
631 12ᵀᴴ Sᴛʀᴇᴇᴛ, N.E.
Wᴀsʜɪɴɢᴛᴏɴ, D.C. 20002
(202) 302-0657
Leicester1@aol.com